PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL COLÓN, Defendant and Appellant.

No. 5378. Argued February 13, 1934.—Decided February 21, 1934.

*González Fagundo & González, Jr.,* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Rafael Colón was convicted of keeping for sale roasted and ground coffee adulterated with 43 per cent of cereals and legumes. He bought said coffee from Solivellas & Co., Succrs., and at the trial attempted unsuccessfully to present in evidence a guaranty of the vendor company that the coffee sold to him was pure. His appeal is based on the proposition that said guaranty should have been admitted and that as a result thereof he should have been acquitted.

Section 7 of Act No. 63, approved April 28, 1931, dealing with food and drugs provides the following:

"No dealer shall be prosecuted when he can establish a written guaranty signed by the wholesaler, importer, agent, representative, distributor, or manufacturer residing in Porto Rico or in the United States, from whom he purchases such articles, to the effect that the same are not adulterated or misbranded. Said guaranty, to afford protection, shall contain the name and address of the person or firm making the sale to such dealer, and in such case the prosecution shall be instituted against the responsible person or firm; *Provided,* That if from the series of guaranties which may have been given by the different persons or firms through whom the transaction was made, it should appear that a person residing in the United States was originally responsible, the Commissioner of Health shall prepare documentary evidence and testimony of witnesses to prove

said fact, and he shall submit them, through ordinary official channels, to the Federal authorities for proper prosecution of the responsible person or firm residing in the United States."

The document of guaranty that the appellant attempted to present in evidence at the trial reads as follows:

"Torrefaction of Hacienda Coffee, of Solivellas & Co., Succrs. Guaranty for the sale of roasted and ground coffee.—We, Solivellas & Co., Succrs., hereby guarantee that the roasted and ground coffee sold to the merchant Rafael Colón is not adulterated or misbranded within the provisions of the Food and Drugs Act of P. R.—Solivellas & Co., Succrs.—signed by Solivellas & Co., Succrs.—Position held, TORREFACTION. Address: Yauco, P. R.—Date January 3, 1932."

The law does not say that such guaranty must be made in a public instrument or subscribed before a notary, but where it does not so appear its authenticity should be established before it may be admitted in evidence at the trial. The signature of Solivellas & Co., Succrs., should have been identified by some person who knew it or who was present when it was affixed by one of the managing partners of that company, and this was not done, since the statement made by the appellant at the trial that the guaranty is signed by Solivellas & Co., Succrs., without specifying that he knew the signature affixed to it or that he witnessed the same does not authenticate said guaranty. Moreover, that guaranty does not give the complete name and address of the person or firm that dealt with the vendor, since it confines itself to the statement that the sale was made to Rafael Colón without giving his complete address. Besides, said guaranty was dated long prior to the sale of the adulterated coffee, since said date is January 3, 1932, and the sale with which we are concerned was made on December 6th of that year, a few minutes before the coffee was seized by an inspector of the Department of Health. The law does not say that such guaranty must be issued with each sale made, nor that it must be a general one for any sale effected, but if it is made in this form then we are of the opinion that it should specify

that it guarantees any purchase that a given purchaser may make in order that the latter may be protected, and the form of the guaranty in the instant case appears to refer to a sale made to the appellant on January 3, 1932, and not to cover that of December 6th of that year.

The judgment appealed from must be affirmed.